IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EUGENE HILL,<br><br>　　　　Defendant.<br>_____/ | No. CR 13-00765 SI<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

On July 11, 2014, the Court heard argument on defendant's motion and supplemental motion for reconsideration of the Court's prior Order denying defendant's motion to suppress. Having considered the arguments of counsel and the papers submitted, the Court hereby DENIES defendant's motions.

**BACKGROUND**

On November 21, 2013, the grand jury returned an indictment against defendant, charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and obstruction of justice, in violation of 18 U.S.C. § 1512(a)(2)(A). On January 6, 2014, defendant filed an omnibus motion to suppress evidence seized during searches of defendant's backpack, person, and cell phone.[1] On February 10, 2014, the Court denied defendant's motion.

---

[1] Because the Court's prior Order sets forth a detailed factual background of this case, see Dkt. No. 24, the Court will not repeat it here.

On April 11, 2014, defendant filed a motion for leave to file a motion for reconsideration of the Court's prior Order. By this motion, defendant asks the Court to reconsider its ruling only regarding the warrant-based search of defendant's cell phone. Specifically, in the April 11, 2014 motion defendant argues that, since the Court ruled on the prior motion, he has discovered new facts in support of his contention that the warrant affidavit for the search of the cell phone contained material omissions.

In his original motion to suppress, defendant argued that the warrant affidavit contained material omissions because it did not mention that one of the witnesses, Margaret, had a criminal history. *See* Dkt. No. 14 at 20-22. In response, the government provided a declaration from the affiant, who stated that, at the time he sought the warrant, he was aware that Margaret "had some misdemeanor arrests, but no convictions, and was not on probation." Dkt. No. 20 at 2. He further stated that, while preparing his declaration in support of the government's opposition, he learned for the first time that Margaret actually had one misdemeanor conviction, for driving without a license. *Id.* at 3. Detective Cutting stated that, even if he had known of Margaret's conviction, he would not have included it in the warrant affidavit because he did not feel that it reflected on her credibility. *Id.*

On March 1, 2014, defense counsel obtained certified records from the Sonoma County Superior Court Clerk's Office, relating to Margaret's criminal history. Declaration of Daniel P. Blank in Support of Motion to Reconsider ("Blank Decl.") ¶ 2. The records indicated the following criminal history. First, in 2004, Margaret was charged with making a false report to a police officer. *Id.* Following numerous failures to appear, the case was ultimately dismissed on the prosecution's motion. *Id.* Second, in 2006, Margaret was charged with possession of drug paraphernalia and driving on a suspended license. *Id.* She pleaded guilty to driving without a license, and the original charges were dropped. *Id.* Third, in 2007, Margaret was charged with felony possession of methamphetamine. *Id.* She pleaded guilty in exchange for diversion to drug court and ultimately registered as a drug offender pursuant to state law. *Id.* After successfully completing her term of probation, her conviction was set aside. *Id.*

Defendant contends that the government was aware of Margaret's criminal history, but withheld it from defendant. Therefore, through the exercise of reasonable diligence, he could not have known these facts prior to submitting his original motion to suppress. Defendant now moves the Court to

2

reconsider its prior ruling regarding whether not including Margaret's criminal history in the search warrant affidavit constituted a material omission.

On June 12, 2014, following a substitution of counsel in this case, defendant filed a supplemental motion for reconsideration of the Court's prior Order. *See* Dkt. No. 66. The supplemental motion seeks reconsideration of the Court's determination that Deputy Lomas's search of defendant's backpack was a valid inventory search. Specifically, defendant argues that Deputy Lomas failed to follow the Sonoma County Sheriff's Office's procedures for conducting administrative searches. Given this alleged failure, defendant now moves the Court to reconsider its prior ruling that Deputy Lomas's search of defendant's backpack was a valid inventory search.

**LEGAL STANDARD**

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration should be used conservatively, because it is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). A party moving for leave to file a motion for reconsideration is prohibited from repeating any argument made previously, and must show a material difference or an intervening change in the facts or the law, or a manifest failure by the court to consider dispositive facts or legal arguments. Civ. L.R. 7-9. The district court has discretion to deny a motion for reconsideration. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).

**DISCUSSION**

Defendant now moves the Court for leave to seek reconsideration, and to reconsider its prior Order denying defendant's motion to suppress, on two grounds: (1) that new evidence indicates that Deputy Lomas's search of defendant's backpack was not a valid inventory search; and (2) that new evidence regarding Margaret's criminal history would have impacted the issuing judge's finding of

3

probable cause for the warrant to search defendant's cell phone. The Court will assume that the evidence on which defendant relies could not have been discovered earlier through the exercise of reasonable diligence, and will discuss the merits of each argument below.

**1.     The Inventory Search.**

Defendant argues that the Court should reconsider its prior ruling that Deputy Lomas's search of defendant's backpack was a valid inventory search. Defendant contends that, following the Court's prior ruling, he discovered that Deputy Lomas did not follow the Sonoma County Sheriff's Office's procedures for examining and booking items into the property room. Specifically, he alleges that many items in the backpack – including a camera, a camera memory card, cell phones, and other potentially valuable items – were left inside the backpack and not inventoried at all. Additionally, defendant states that also later discovered inside the backpack were razor blades, a glass pipe, and a number of syringes. It is defendant's position that Deputy Lomas's failure to comply with administrative procedures indicates that her search was a bad-faith, pretextual search, done for investigative rather than administrative purposes.

Evidence seized during an inventory search should be suppressed if the searching officer's motives were purely pretextual. *See United States v. Feldman*, 788 F.2d 544, 553 (9th Cir. 1986). However, dual purposes searches are not necessarily invalid. *See United States v. Bowhay*, 992 F.2d 229, 230 (9th Cir. 1993) (affirming denial of motion to suppress where officer's search was motivated both by a need to take an inventory, and by a desire to further investigate the suspect). "When the police conduct would have been the same regardless of the officer's subjective state of mind, no purpose is served by attempting to tease out the officers 'true' motivation." *Id.* at 231 (citing *Horton v. California*, 496 U.S. 128 (1990)).

The Court finds that the additional information indicating that Deputy Lomas did not fully comply with administrative procedures in searching defendant's backpack does not justify reconsideration of its prior Order. Deputy Lomas filed an additional sworn statement with the Court, in which she states that it was her understanding that she was not required "to itemize and separately package each individual item that has been seized or found." Supplemental Declaration of Deputy

4

1 Monique Lomas at 3. She further states that she never saw syringes in the backpack, but if she had, she
2 would have either thrown them away, or packaged them separately. *Id.* Photographs of the backpack
3 indicate that it was filled with myriad unorganized items. *See* Declaration of Megan Wallstrum in
4 Support of Supplemental Motion to Reconsider Ex. A at 19-21. Many of the items defendant contends
5 should have been itemized and separately inventoried were buried in this detritus. *See id.* In particular,
6 the syringes were concealed at the bottom of a section that contained, *inter alia*, a container of adhesive
7 tape, a letter, a plastic bag, an electronic device, scissors, and innumerable other items. *See id.* at 19-23.
8 The Court is satisfied that Deputy Lomas executed her search of defendant's backpack according to her
9 own good faith belief of what the Sonoma County Sheriff's Office's property manual required and that
10 her failure to fully comply with its terms does not alter its administrative character.

11 Defendant argues that Deputy Lomas's failure to fully comply with the procedures for booking
12 items into the property room mandates suppression of the evidence located, because her search did not
13 conform with the applicable law enforcement procedures. *See Feldman*, 788 F.2d at 553. The Court
14 noted in its prior Order that Deputy Lomas's sworn statement indicated that, as soon as she located the
15 pellet gun in the backpack, she planned to book the backpack and its contents into the Sheriff's Office
16 property room. *See* Dkt. No. 24 at 7. It was at that point, before she had any reason to believe that the
17 backpack was defendant's property, that Deputy Lomas decided to conduct an inventory search. *Id.*
18 It was not until Deputy Lomas found items indicating that the backpack belonged to defendant that she
19 began to believe it might contain weapons, or drugs and related paraphernalia, and thus developed a dual
20 purpose for her search. Deputy Lomas would have searched –and indeed, had already begun searching
21 – the backpack, even without believing that it belonged to defendant. Thus, the results of the search
22 would have been the same regardless of which purpose was uppermost in Deputy Lomas's mind as she
23 continued to search after seeing defendant's indicia. *See Bowhay*, 992 F.2d at 231. Although Deputy
24 Lomas may not have fully complied with applicable procedures in conducting that search, the sequence
25 of events set forth in her prior declaration belies defendant's argument that the search was mere pretext,
26 aimed at discovering evidence that might incriminate defendant.

27 As the Court additionally noted in its prior Order, when Deputy Lomas responded to the call
28 about a suspected firearm, she had limited options available to her. *See* Dkt. No. 24 at 8. She could not

5

have simply left the backpack where it was; the complaining citizen did not want the apparently abandoned bag. She could not have simply zipped up the bag and transported it to the Sheriff's Department's property room without conducting any search; to do so would have been negligent given that the bag could have contained any number of dangerous, or even explosive, items. Deputy Lomas was duty-bound to take the bag into evidence, and to perform at least a cursory search before she did so. Although Deputy Lomas's search did not fully comply with the Sheriff's Department's guidelines and failed to uncover some hazardous materials, these failings do not alter the Court's finding that her search was a constitutionally permissible inventory search.

Deputy Lomas's failure to find and secure the syringes and other drug paraphernalia further supports this conclusion.[2] As the Court noted in its prior Order, in her initial declaration Deputy Lomas stated that, once she realized that the backpack might belong to defendant, she believed that it might contain weapons and drug paraphernalia. *See id.* Yet, in the course of her search of the backpack, she did not dig deep enough into the detritus at the bottom of the bag to discover that it in fact contained a glass pipe and apparently used syringes. Had Deputy Lomas been conducting this search as a pretext for finding evidence of a crime, surely the drug evidence hidden at the bottom of the backpack would have been a useful discovery, particularly given that Deputy Lomas was aware of defendant's previous drug history from her earlier contacts with him, and admittedly suspected that the backpack might contain such evidence. *See id.* Her failure to uncover this evidence is inconsistent with defendant's theory that Deputy Lomas's search was sparked by an investigative, rather than administrative, motive.

The additional evidence regarding the scope of Deputy Lomas's search of defendant's backpack does not alter the Court's initial conclusion that it was a valid inventory search. Accordingly, to the extent defendant seeks reconsideration based on the search of his backpack, that motion is DENIED.

**2.   The Warrant Application.**

Defendant next argues that the Court should reconsider its prior Order because, had Detective Cutting included Margaret's criminal history in his warrant affidavit, it would have impacted the issuing

---

[2] In addition to the obvious drug evidence, an officer searching for evidence of crimes would also likely have set aside the camera memory cards and the cell phones for the purpose of later additional investigation, given that such items might well have contained incriminating evidence.

6

judge's finding of probable cause to search defendant's cell phone. He contends that an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), is necessary.

A defendant is entitled to an evidentiary hearing regarding the validity of a search warrant based on purported omissions only if he makes a preliminary showing that: (1) the affiant intentionally or recklessly omitted information from the warrant application; and (2) the omission was material to the issuing judge's determination of probable cause. *Franks*, 438 U.S. at 155-56; *United States v. Stanert*, 762 F.2d 775, 781 (9th Cir. 1985). The defendant bears the burden of proof, and must make a "substantial showing" as to both the required mental state of the affiant, and the materiality of the alleged omissions. *United States v. Chavez-Miranda*, 306 F.3d 973, 979 (9th Cir. 2002). A defendant who challenges an affidavit on the basis of material omissions must show that the affidavit, "supplemented by the omissions would not be sufficient to support a finding of probable cause." *Stanert*, 762 F.2d at 782 (citing *Franks*, 438 U.S. at 171-72).

The Court finds that, notwithstanding the current, more detailed understanding of Margaret's criminal history, defendant has failed to demonstrate that its omission from the warrant affidavit was material. Details omitted from a warrant affidavit are only material if their inclusion would have altered the issuing judge's finding of probable cause. *See United States v. Condo*, 782 F.2d 1502, 1506 (9th Cir. 1986). Even if the warrant affidavit here had included the full details of Margaret's criminal history, the Court finds that the issuing judge's probable cause finding would have been unaffected.

Detective Cutting's warrant affidavit included a detailed recitation of the circumstances in which defendant's backpack had been found. *See* Dkt. No. 15 Attach. C at 2-3. The warrant stated that, along with the loaded magazine found in the backpack, law enforcement recovered defendant's Sonoma County Jail identification card, bearing his name and photograph. *Id.* at 3. Along with the identification card and the loaded magazine, law enforcement found numerous other items indicating that defendant owned the backpack. *Id.* The affidavit stated that law enforcement was aware that defendant had prior felony convictions and was therefore prohibited from possessing firearms and ammunition. *Id.* The affidavit explained that defendant had been arrested, and that he had confirmed during the booking process that he was an active participant of a criminal street gang. *Id.* at 4. Detective Cutting stated that, based on his training and experience, subjects who possess firearms often take pictures of

7

themselves with the weapons, and of the weapons alone. *Id.* Even disregarding Margaret's statement entirely, this information alone constituted a sufficient basis for the issuing judge's conclusion that there was probable cause to search defendant's cell phone for evidence of firearms possession. Therefore, because Margaret's statement was not material to the issuing judge's finding of probable cause, the omission of the full details of her criminal history was likewise not a material omission. Even if Detective Cutting had included the additional information, the issuing judge would still have had a sufficient basis for finding probable cause.

The Court concludes that the revelation of Margaret's full criminal history does not constitute a material change in the facts the Court considered in its prior Order. Accordingly, the Court DENIES defendant's motion for reconsideration to the extent it is based upon the omission of Margaret's full criminal history.

## CONCLUSION

For the foregoing reasons and for good cause shown, and on the basis of the record before it, the Court hereby DENIES defendant's motion for reconsideration. This Order resolves Docket Nos. 43 and 66.

**IT IS SO ORDERED.**

Dated: July 24, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE