IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 13-00765 SI |
| Plaintiff, | **ORDER GRANTING MOTION TO SEVER** |
| v. | |
| EUGENE HILL, | |
| Defendant. / | |

On July 11, 2014, the Court heard argument on defendant's motion to sever counts of the indictment. Having considered the arguments of counsel and the papers submitted, the Court hereby GRANTS the motion to sever.

**BACKGROUND**

On November 21, 2013, the grand jury issued an indictment charging defendant Eugene Hill with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and one count of obstruction of justice, in violation of 18 U.S.C. § 1512(a)(2)(A). On April 10, 2014, the grand jury issued a superseding indictment, containing the original two charges, and also adding one count of robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951(a), and one count of using or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).

Defendant now moves to sever counts one and two from counts three and four, arguing misjoinder under Federal Rule of Criminal Procedure 8(a), and prejudicial joinder under Federal Rule of Criminal Procedure 14(a).

## LEGAL STANDARD

Federal Rule of Criminal Procedure 8(a) provides that an indictment may charge a defendant with two or more offenses if the offenses charged: (1) "are of the same or similar character," (2) "are based on the same act or transaction," or (3) "are connected with or constitute parts of a common scheme or plan." The validity of the basis for joinder "should be discernible from the face of the indictment" alone. *United States v. Jawara*, 474 F.3d 565, 573 (9th Cir. 2006); *id.* at 572 ("We take the view that because Rule 8 is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the indictment.") (alteration, citation, and internal quotation marks omitted)).

To determine whether charged offenses possess "the same or similar character," *see* Fed. R. Crim. P. 8(a), courts may examine factors such as "the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims," to the extent this information can be gleaned from the four corners of the indictment, *Jawara*, 474 F.3d at 578. However, the similarity of the charged offenses must "be ascertainable – either readily apparent or reasonably inferred – from the face of the indictment." *Jawara*, 474 F.3d at 578; *see also id.* at 572-73 ("Though on occasion, our decisions have noted matters outside of the indictment, the established rule in this circuit is that a valid basis for joinder should be discernible from the face of the indictment, and we remain faithful to that principle here.") (footnotes omitted)). The Rule 8(a) analysis does not require courts "to engage in inferential gymnastics or resort to implausible levels of abstraction to divine similarity." *Id.*

Even if counts are properly joined under Rule 8(a), courts may order severance if it appears that joinder would prejudice the defendant. *See* Fed. R. Crim. P. 14(a). To require severance under Rule 14(a), joinder must be "so manifestly prejudicial that it outweighs the dominant concern with judicial

2

economy and compels the exercise of the court's discretion to sever." *United States v. Brashier*, 548 F.2d 1315, 1323 (9th Cir. 1971).

**DISCUSSION**

The government contends that counts one and two are properly joined with counts three and four under Rule 8(a) because the crimes charged are of the same or similar character. The Court disagrees.

From the face of the indictment, the only similarity apparent between counts one and two, and counts three and four, is that both count one and count four allege firearms offenses. However, count one charges defendant with being a felon in possession of a firearm, while count four charges him with using or carrying a firearm during and in relation to a crime of violence. While both counts charge conduct taking place within the Northern District of California, the two charges are separated by a gap of more than five months. Additionally, count four alleges that defendant used a firearm during "the robbery affecting commerce charged in Count Four [sic]," which in turn alleges that defendant robbed "Victim-2," an individual with no apparent relationship to the charges in counts one and two. This vague, thematic similarity is insufficient to support joinder of these charges. *See Jawara*, 474 F.3d at 579 (noting that subject matter similarity alone is an insufficient basis for joinder). When considering whether joinder is proper under Rule 8(a) the Court may only look to the indictment itself;[1] accordingly, defendant's motion to sever counts one and two, from counts three and four, is GRANTED. Because the Court finds that joinder is improper, it does not reach the question of prejudicial joinder under Rule 14(a).

//
//
//
//
//

---

[1] Given the facts counsel alluded to at oral argument, it may well be the case that the government can supersede the indictment and successfully join all four counts in a manner that would satisfy both Rule 8(a) and Rule 14(a).

3

**CONCLUSION**

For the foregoing reasons and for good cause shown, and on the basis of the record before it, the Court hereby GRANTS defendant's motion to sever. This Order resolves Docket No. 48.

**IT IS SO ORDERED.**

Dated: July 24, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE