1
2
3
4
5
6
7                        IN THE UNITED STATES DISTRICT COURT
8                     FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   UNITED STATES OF AMERICA,              No. CR 13-00765 SI
11                Plaintiff,                **ORDER RE MOTIONS FOR ELECTION**
                                            **OF TRIAL ORDER AND BILL OF**
12        v.                                **PARTICULARS**
13   EUGENE HILL,
14                Defendant.
15   _____/
16        On September 19, 2014, the Court held a hearing on two pending motions, defendant's motion
17   for election of trial order, and defendant's motion for a bill of particulars.  For the following reasons,
18   and for good cause shown, the Court rules as follows.
19        On August 25, 2014, defendant, Eugene Hill, filed the two pending motions. Dkt. Nos. 100, 102.
20   On August 29, 2014, at a status hearing in this case, the government indicated that it intended to
21   supersede the indictment, possibly mooting the motions.  On September 11, 2014, the grand jury
22   returned a second superseding indictment against defendant. Dkt. No. 123.  Also on September 11,
23   2014, the parties appeared before a magistrate judge for a hearing regarding several discovery disputes
24   that had arisen in this matter.
25        On September 12, 2014, the government filed papers indicating that it believed that the
26   superseding indictment and the magistrate judge's discovery order had mooted both motions. Defendant
27   conceded that his motion for election of trial order was mooted by the second superseding indictment.
28   However, defendant contended that his motion for a bill of particulars was still viable.

*United States District Court*
*For the Northern District of California*

By this motion defendant seeks a bill of particulars containing factual detail bearing on Count Two of the superseding indictment, an alleged violation of 18 U.S.C. § 1512(a)(2)(A), obstruction of justice. Specifically, defendant seeks information regarding: (1) what the alleged obstructionist conduct entailed; (2) the date or dates on which it occurred; (3) the location at which it occurred; (4) the term of the grand jury whose work was allegedly obstructed; (5) the grand jury's location; (6) the scope and nature of the grand jury's investigation; (7) the identity of the alleged victim; (8) the identity of the witness whose testimony defendant alleged sought to obstruct; (9) information regarding how defendant's alleged conduct had the effect of influencing, delaying, or impeding the witness's testimony; and (10) a description of the witness's testimony.

At the hearing, the government asserted that it believed that defendant's requests numbers 1, 2, 3, 7, 8, 9, and 10, had all been addressed by the magistrate judge's discovery order. As to defendant's requests numbers 4, 5, and 6, the government asserted that the magistrate judge had stated that defendant had failed to adequately articulate his need for these items, but that she was willing to entertain further motions on the matter if necessary.

The government then identified three pieces of evidence, already produced to defendant, which comprise the factual basis for Count Two. At the hearing, defendant agreed that this information was, in essence, the bill he sought. However, defendant contended that the government has still not provided him with any evidence of a nexus between the alleged obstructionist conduct and the relevant grand jury proceeding.

At the hearing before the magistrate judge, on September 11, 2014, the parties argued this precise issue. After listening to both sides' arguments, the magistrate judge asked defense counsel to "lay out exactly what it is you're requesting again and how the law supports that." The magistrate judge then suggested that if, following her discovery order, there was still an unresolved issue, then defendant could file another brief on the issue. Defendant agreed. Thus, defendant's right to acquire the nexus information he seeks through discovery is currently under consideration before another judge.

Moreover, the Court finds that a bill of particulars is not necessary in this case. When deciding whether a bill of particulars should issue, courts are instructed to "consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the

**United States District Court**
For the Northern District of California

government." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). The information currently before defendant – the superseding indictment, and the identified evidence relating to defendant's alleged obstructionist acts – is sufficient to apprise defendant of the charges against him.

Defendant is correct that, at trial, the government must prove a nexus between the alleged obstructionist conduct and the government proceeding; that is, "the act must have a relationship in time, causation, or logic with the judicial proceedings." *See United States v. Aguilar*, 515 U.S. 593, 599 (1995). The Supreme Court has described the nexus requirement as the need to show that "the endeavor must have the natural and probable effect of interfering with the due administration of justice." *Id.* (citation and internal quotation marks omitted).

The information defendant currently possesses sufficiently obviates the need for a bill of particulars regarding the nexus requirement. The indictment charges that the alleged obstructionist conduct took place between September 14, 2013, and October 31, 2013. The government has stated on the record that it took place while defendant was in custody in the Sonoma County Jail. The initial indictment in this case was returned on November 22, 2013. At this stage of the proceedings, the Court is persuaded that defendant has been adequately advised of the obstruction charge pending against him, including the nexus requirement.

For the foregoing reasons and for good cause shown, and on the basis of the record before it, the Court hereby DENIES AS MOOT defendant's motion for election of trial order, and DENIES defendant's motion for a bill of particulars. This Order resolves Docket Nos. 100 and 102.

**IT IS SO ORDERED.**

Dated: September 22, 2014

_____
SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

3